NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN WRIGHT,

        Petitioner,

        v.

DUKE TERRELL, WARDEN,

        Respondent.

Civil No. 10-3492 (PGS)

**OPINION**

APPEARANCES:

    **KEVIN WRIGHT**, Petitioner pro se
    #73006-083
    MDC Brooklyn
    P.O. Box 329002
    Brooklyn, New York 11232

**SHERIDAN, District Judge**

Petitioner, Kevin Wright, a federal prisoner confined at the Metropolitan Detention Center ("MDC") Brooklyn in Brooklyn, New York, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner initially filed this action in the United States District Court for the Eastern District of New York on or about June 16, 2010. The matter was transferred to the District of New Jersey on July 2, 2010. Petitioner names Duke Terrell, the Warden at MDC Brooklyn where Petitioner presently is confined, as the party respondent in this action.

For the reasons stated below, the Court will dismiss this petition for lack of jurisdiction.

## I.   BACKGROUND

The following facts are taken from the petition, and are assumed true for purposes of this decision.  Petitioner is currently confined at MDC Brooklyn.  He brings this habeas action under § 2241, seeking a "sentence reduction."  (Petition at pg. 1).  Petitioner filed his petition in the Eastern District of New York where he is confined.

On July 2, 2010, the Honorable Sandra L. Townes, U.S. D.J., transferred the matter to the District of New Jersey, finding that as Petitioner was challenging his federal sentence entered in the District of New Jersey, by seeking a downward departure, the court had "no jurisdiction to consider a challenge to a criminal sentence entered in another district court."  (July 2, 2010 Transfer Order at Docket entry no. 2).

Petitioner was convicted by guilty plea, on July 15, 2002, in the United States District Court for the District of New Jersey, to charges of conspiracy to possess with the intent to distribute heroin, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  On November 4, 2002, the Honorable Garrett E. Brown, Jr., U.S.D.J., sentenced Petitioner, after determining

that Petitioner was a career offender, to a term of 151 months imprisonment with a three year term of supervised release.[1]

On June 16, 2010, Petitioner filed the instant habeas petition under § 2241, seeking a sentence reduction. In his petition, Petitioner states that after he was sentenced in November 2002, he was transferred to the FCI Fairton in Fairton, New Jersey to serve his federal sentence. In 2004, he was transferred to FCI Fort Dix in New Jersey, and was later classified as a "minimum out custody prisoner." He was then transferred to the Federal Prison Camp at Fort Dix, New Jersey. However, in December 2009, Petitioner was transferred to the MDC Brooklyn, which is designated as a maximum security prison, to serve approximately 40 months of his remaining prison term. Petitioner alleges that he has had no disciplinary incident reports to warrant his transfer from minimum custody to a maximum security facility.

---

[1] Petitioner filed a direct appeal challenging his sentencing as a career offender, arguing that his two prior convictions should not have been counted separately. On December 10, 2003, the United States Court of Appeals for the Third Circuit affirmed the sentence, holding that the prior convictions were properly counted as two separate unrelated convictions because they were separated by an intervening arrest. Petitioner filed a petition for a writ of certiorari, which was denied by the United States Supreme Court on October 4, 2004. He then filed a timely motion to vacate, set aside, or correct his judgment, pursuant to 28 U.S.C. § 2255, which was dismissed with prejudice on July 26, 2006. Petitioner appealed and the Third Circuit denied a certificate of appealability by Order dated March 13, 2007.

Further, Petitioner complains that the conditions at MDC Brooklyn are harsh. Namely, he alleges that prisoners are locked down daily for 24 hours, have no access to sunlight, no fresh air, no air conditioning in the summer, limited access to the law library and medical treatment, no recreation, and close confinement with maximum security inmates waiting to be sentenced to life imprisonment. As a result of these harsh conditions, Petitioner states that he is suffering emotional distress, stress, frustration, and pain.

Petitioner seeks a two level sentencing reduction pursuant to the United States Sentencing Guidelines ("USSG") 5K2.0, or a sentencing reduction of 25 months, for harsh conditions. He admits that he has not exhausted his administrative remedies before filing this petition, but contends that exhaustion would be futile.

II. DISCUSSION

A. Habeas Jurisdiction

Petitioner brings this application for a reduction or credit with respect to his federal sentence under 28 U.S.C. § 2241. Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date). See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

Here, Petitioner appears to contend that his petition challenges the execution of his federal sentence because he is seeking a reduction for time served under harsh conditions of confinement. He does not challenge the imposition of his sentence.

Nevertheless, this Court finds that Petitioner is actually seeking a modification of his sentence based on the conditions of his confinement at the MDC Brooklyn, which is not cognizable in a habeas petition under § 2241. More appropriately, his appropriate avenue for relief would be a § 2255 motion or, alternatively, a claim under 18 U.S.C. § 3582(c), which governs the modification of an imposed prison term.

A district court has the authority to modify a valid sentence only if such authority is conferred by federal statute. <u>United States v. Ross</u>, 245 F.3d 577, 586 (6th Cir. 2001); <u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996); <u>United States v. Caterino</u>, 29 F.3d 1390, 1394 (9th Cir. 1994); <u>Morales v. United States</u>, 353 F. Supp.2d 204, 205 (D. Mass. 2005). See also <u>United States v. Higgs</u>, 504 F.3d 456, 464 (3d Cir. 2007)(a district court's jurisdiction to reconsider sentencing may only stem from a statute or rule of criminal procedure); <u>United States v. Smartt</u>, 129 F.3d 539, 540-41 (10th Cir. 1997). The Sentencing Reform Act specifies that a sentencing court may not modify a term of imprisonment once it has been imposed except under limited circumstances. See 18 U.S.C. § 3582(c).

Specifically, § 3582(c) states that a district court may not modify a sentence once it has been imposed except that --

> (1) in any case –
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that --
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
    (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In this case, Petitioner's request for a modification of his sentence would appear to fall under the exception of "extraordinary and compelling reasons" set forth in § 3582(c)(1)(A)(i). However, it is well settled law that a district court can not grant a prisoner's request for modification of his sentence under this section if the Director of the BOP does not move for a reduction of sentence. See United States v. Thomas, 570 F. Supp.2d 202, 203 (D.P.R. 2007). See also United States v. Hudson, 44 Fed. App. 457, 458 (10th Cir. 2002); United States v. Tyler, 417 F. Supp.2d 80 (D. Me. 2006); Morales v. United States, 353 F. Supp.2d 204 (D. Mass. 2005); Porges v. Zickefoose, 2008 WL 4596640 at *2 (D. Com. Oct. 15, 2008).

Therefore, where there has been no motion on Petitioner's behalf filed by the Director of the BOP, to modify his sentence under § 3582(c)(1)(A)(i), this Court has no authority to grant

Petitioner's request for a sentence reduction under this statute. Moreover, Petitioner has not asserted any facts that would have this matter fall within any of the other exceptions listed under § 3582(c).[2]

Petitioner argues, however, that a downward departure may be allowed pursuant to USSG 5K2.0 (1998), where a variance is sought under 18 U.S.C. § 3553(b). Petitioner contends that, under § 3553(b), the sentencing court may impose a sentence outside the range established by the applicable guidelines, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." (Petitioner's memorandum at pg. 1).

---

[2] Section 3582(c)(2) authorizes the sentencing court to reduce a previously imposed sentence when the Sentencing Commission lowers the inmate's guideline range. Section (c)(2) does not apply here, as nothing in Carter's application indicates that the Sentencing Commission has lowered his guideline range.
  Section 3582(c)(1)(B) authorizes the sentencing court to modify a term of imprisonment where "expressly permitted by statute or by Rule 35 of the Federal rules of Criminal Procedure. See 18 U.S.C. § 3582(c)(1)(B). This subsection does not apply. Petitioner cites no statutory authority for the requested sentence reduction; Rule 35(a) is limited to a court's correction of a clear error within seven days of sentencing, see Fed.R.Crim.P. 35(a); Higgs, 504 F.3d at 464; and Rule 35(b) authorizes a reduction of a sentence only upon the government's motion based on the inmate's substantial assistance, see Fed.R.Crim.P. 35(b).

Petitioner cites four cases[3] to support his request for a sentence reduction under USSG § 5K2.0, none of which are applicable to his circumstances because they involved defendants' requests for downward departures before sentencing based on conditions of pretrial confinement. Here, Petitioner seeks to have a modification of his sentence that already was imposed in November 2002, with respect to alleged harsh conditions of his prison term occurring over seven (7) years later, at the earliest in December 2009.

Thus, this Court agrees with respondent that Petitioner's request for a sentence reduction "runs afoul" of § 3582(c), as set forth above, because Petitioner has failed to allege any specified exceptions to § 3582(c) that would apply in this case. (See Respondent's letter brief in lieu of answer, filed March 18, 2011, Docket entry no. 7 at pg. 3). Further, this Court finds no other statutory basis for the relief Petitioner seeks. Accordingly, the petition must be dismissed without prejudice at this time. See Higgs, 504 F.3d at 464; Gregory v. Grondolsky, 2010 WL 318370 (3d Cir., Jan. 28, 2010); United States v. Servidio, 2008 WL 352866 (D.N.J. Feb. 7, 2008).

---

[3] See United States v. Teyer, F. Supp.2d 359 (S.D.N.Y. 2004); United States v. Mateo, 299 F. Supp.2d 201 (S.D.N.Y. 2004); United States v. Francis, 129 F. Supp.2d 612 (S.D.N.Y. 2001); and United States v. Sutton, 973 F. Supp. 488 (D.N.J. 1997).

B.  <u>Failure to Exhaust Administrative Remedies</u>

Alternatively, the respondent asserts that this habeas petition should be dismissed because Petitioner did not fully exhaust his administrative remedies before filing this habeas petition.  Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.[4]  <u>See</u>, <u>e.g.</u>, <u>Callwood v. Enos</u>, 230 F.3d 627, 634 (3d Cir. 2000); <u>Arias v. United States Parole Comm'n</u>, 648 F.2d 196, 199 (3d Cir. 1981); <u>Soyka v. Alldredge</u>, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3)

---

[4]  To exhaust administrative remedies before the Federal Bureau of Prisons, a federal inmate seeking review of an aspect of his confinement must first seek to resolve the dispute informally.  <u>See</u> 28 C.F.R. § 542.13.  If the inmate does not receive a favorable termination, he may submit a formal written Administrative Remedy Request for response by the warden of the facility.  <u>See</u> 28 C.F.R. § 542.14.  If the inmate is not satisfied with the warden's response, he may appeal the warden's decision to the Regional Director within 20 days of the date of the decision.  If he is not satisfied with the Regional Director's response, he may submit an appeal of the Regional Director's decision to the Central Office within 30 days of the date of the decision.  <u>See</u> C.F.R. § 542.15.  If these responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

> providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000). See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In Snisky v. Pugh, the petitioner did not deny his failure to exhaust; however, the Court excused exhaustion because the petitioner was scheduled to be released, and his claim was clearly without merit. See 974 F. Supp. 817, 819 (M.D. Pa. 1997), rev'd on other grounds, 159 F.3d 1353 (3d Cir. 1998). The court recognized that exhaustion could be excused where it would be futile. See id. In Snisky, the court found that the BOP "unequivocally" would deny the petitioner's relief, and he would

return to the district court after the denial. Thus, the court addressed the claims on the merits.

Likewise, in <u>Ferrante v. Bureau of Prisons</u>, the court found that if the petitioner's claim were meritorious, he would be released to a halfway house relatively soon; therefore, dismissing the petition for lack of exhaustion would be futile. <u>See</u> 990 F. Supp. 367, 370 (D.N.J. 1998)(citing <u>Snisky</u>, 974 F. Supp. at 819-20). Further, the court held that the petitioner's claim was clearly without merit, so that the exhaustion issue need not be reached. <u>See id.</u> <u>See also</u> <u>Fraley v. Bureau of Prisons</u>, 1 F.3d 924, 925 (9th Cir. 1993)(stating that exhaustion was not required because it was futile, as Regional Director would "almost certainly" have denied request, and term of imprisonment was completed).

Here, this Court notes that Petitioner does not have an imminent release date that would make full exhaustion in this case futile. Indeed, it appears that Petitioner's projected release date is January 17, 2014. Moreover, Petitioner admits that he has made no attempt to exhaust his claim against the Warden at MDC Brooklyn, or the BOP in general, before proceeding with this habeas petition. Thus, Petitioner has not shown futility to excuse exhaustion.

Therefore, this Court will dismiss this petition against the federal respondent, without prejudice, for failure to exhaust

administrative remedies and because the Court has no statutory authority to reduce Petitioner's sentence as requested at this time.[5]

## CONCLUSION

For the reasons set forth above, the Court will dismiss without prejudice the petition for a writ of habeas corpus under 28 U.S.C. § 2241.  An appropriate order follows.

_____
PETER G. SHERIDAN
United States District Judge

Dated: 10/26/11

---

[5] Regulations adopted by the BOP to implement 18 U.S.C. § 3582(c)(1)(A) require an inmate (or a person acting on behalf of an inmate) to submit a request for a motion under 18 U.S.C. § 3582(c)(1)(A) to the Warden, and permit the inmate to submit such a request "only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.61(a); see also BOP Program Statement 5050.46. Under these regulations, the BOP is not authorized to file a motion under § 3582(c)(1)(A) unless the inmate's request is approved by the Warden, the Regional Director, the General Counsel, and the Director of the BOP. See 28 C.F.R. § 571.62(a).

13